UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FBS PROPERTIES, INC. § | | (CHAPTER 11) |
| § | | |
| § | | CASE NO. 15-10336 |
| § | | CASE NO. 15-10337 |
| § | | CASE NO. 15-10338 |
| PLAINTIFF, § | | |
| § | | |
| VS. § | | ADVERSARY NO. _____ |
| § | | |
| DUNE OPERATING COMPANY § | | |
| § | | |
| DEFENDANT § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Dune Operating Company ("Dune") has failed to pay FBS Properties, Inc. ("FBS") $15,111.23 in royalties from oil and gas production that rightfully belong to FBS. According to Dune's own representations made to this Court, *see* Doc. No. 11, at ¶¶ 30-32, the royalties are not the property of Dune's bankruptcy estate and must be paid to FBS. The Court should order Dune to make prompt payment, plus interest and attorneys' fees.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. This adversary proceeding arises in and relates to the above-captioned pending bankruptcy case ("Bankruptcy Case"). Venue is proper pursuant to 28 U.S.C. § 1409(a).

514475.1

**Parties**

3. Plaintiff FBS Properties, Inc. is a Texas corporation headquartered in Houston, Texas.

4. Defendant Dune Operating Company is a Texas corporation headquartered in Houston, Texas. It is one of the debtors in the above-captioned case.

**Background**

5. On April 2, 2014, the 164th Judicial District Court of Harris County, Texas entered judgment in Cause No. 2012-33816 declaring FBS to be the owner of "100% of the assets of Reserve Royalty Corporation" (the "Judgment"). The Judgment was affirmed by the Texas First Court of Appeals on June 11, 2015 in Cause No. 01-14-00290-CV. It is final and enforceable.

6. One of the assets of Reserve Royalty Corporation ("Reserve") that was formerly held by Reserve and now owned by FBS is a royalty interest of 0.00133620 in Huff #1 Unit A Well, Property No. 0308.001, in the Hitchcock Field in Galveston County, Texas ("Huff #1 Well"). Pursuant to the Judgment, FBS is the legal owner of a 0.00133620 royalty interest in the Huff #1 Well. The operator of the Huff #1 Well is Dune.

7. In March 2015, FBS contacted Dune to collect the $15,111.23 in royalties that were in suspense because they had not been paid to or collected by Reserve. In response, Dune provided FBS with an unsigned Division Order so that Dune's records could be updated to reflect FBS's ownership of the 0.00133620 royalty interest in the Huff #1 Well that had been formerly owned by Reserve. The signed Division Order was provided to Dune on April 27, 2015. The next day, April 28, 2015, Dune provided FBS with a letter and a detailed summary "showing money in suspense from Reserve Royalty Corporation in the net amount of $15,111.23 which was awarded to FBS Properties Inc. in Judgment filed in Harris County, Texas cause no.

2

2012-33816 April 3, 2014." After receiving the signed Division Order and providing FBS with a letter acknowledging FBS's royalty interest, Dune never paid the $15,111.23.

8. FBS has demanded in writing on multiple occasions that Dune pay the $15,111.23. Although Dune has acknowledged FBS's royalty interest in writing and has a signed copy of a Division Order reflecting FBS as the royalty interest owner, Dune has refused to pay FBS the $15,111.23. Dune asserts that FBS's demand to be paid the funds that were in suspense and that rightfully belong to FBS as the royalty interest owner is a "pre-petition claim" that cannot be paid. Dune has improperly scheduled FBS's "claim" as a general unsecured claim in this bankruptcy. Pursuant to Chapter 9.343 of the Texas Business and Commerce Code, FBS filed a proof of claim as a secured creditor on June 5, 2015.

### Dune's Refusal to Pay FBS its Royalties is Contrary to Texas Law and to Dune's Own Representations to this Court

9. Proceeds of oil and gas production that the debtor holds for the benefit of a third party (like FBS) are not property of the debtor's bankruptcy estate. *See, e.g.*, *In re Reichman Petroleum Corp.*, 434 B.R. 790, 797 (Bankr. S.D. Tex. 2010) (finding that revenue earned by working interests was property of the working interest owners, regardless of whether the operator held such revenues); *In re Sem Crude, L.P.*, 418 B.R. 98, 106 (Bankr. D. Del. 2009) (finding that production proceeds held in trust by the debtor for the benefit of third parties were not property of the debtor's estate). "Where [a] Debtor merely holds bare legal title to property as an agent or bailee for another, Debtor's bare legal title is of no value to the estate and Debtor should convey the property to its rightful owner." *In re MCZ, Inc.*, 82 B.R. 40, 42 (Bankr. S.D. Tex. 1987).

10. Indeed, Dune has made these exact same arguments to this Court in its bankruptcy case when seeking permission to pay pre-petition royalties that it owed to other third parties:

3

514475.1

> [T]he Debtors believe that the Royalties, the Overriding Royalty Interests, and the Working Interest Owner Payments are not property of their bankruptcy estates, and such Obligations should be remitted to the relevant Interest Owners in the ordinary course of business.
>
> . . .
>
> [C]ourts have found that proceeds of oil or gas production that the debtor holds for the benefit of a third party are not property of the debtor's bankruptcy estate. "Where [a] Debtor merely holds bare legal title to property as agent or bailee for another, Debtor's bare legal title is of no value to the estate, and Debtor should convey the property to its rightful owner." Because the Royalties, the Overriding Royalties, and the Working Interest Owner Payments are proceeds of production held for the benefit of the relevant Interest Owners, such funds are not property of the Debtors' bankruptcy estates and should be remitted to the relevant Interest Owners in the ordinary course of the Debtors' business.

Doc. No. 11, at ¶¶ 30-32 (internal citations omitted).

11. Dune and its bankruptcy counsel have ignored that—based on its own representations and cited authorities—Dune already sought and obtained approval from this Court to pay royalties to other interest owners, and thus FBS should be paid as well. FBS asked Dune's bankruptcy counsel to seek an order from this Court to authorize the payment of the $15,111.23 in royalties. Dune's bankruptcy counsel refused. Instead, Dune and its bankruptcy counsel have caused FBS to incur attorneys' fees unnecessarily (and will cause Dune to incur attorneys' fees unnecessarily, further reducing the amount of money available to Dune's creditors) by requiring FBS to file an adversary proceeding to enforce its clear rights to the $15,111.23 owed.

**First Claim for Relief – Breach of Contract**

12. FBS incorporates paragraphs 1-11 as if stated verbatim herein.

13. Pursuant to the governing lease, royalty deed, and division order, Dune had a contractual obligation to pay Reserve, and subsequently FBS, a 0.00133620 royalty interest in the proceeds of production from the Huff #1 Well. Dune has acknowledged its contractual obligation to FBS through its correspondence to FBS and through the Division Order. Dune has

breached that obligation by failing to pay the royalties owed, causing damages to FBS of at least $15,111.23.

**Second Claim for Relief – Violations of Chapter 91 of the Texas Natural Resources Code**

14. FBS incorporates paragraphs 1-11 as if stated verbatim herein.

15. Dune received proceeds from production of the Huff #1 Well but has not paid them to FBS in the amount of FBS's royalty interest.

16. Pursuant to Chapter 91 of the Texas Natural Resources Code, Dune owes FBS the amount of the royalties, plus interest, plus attorneys' fees.

**Third Claim for Relief – Conversion**

17. FBS incorporates paragraphs 1-11 as if stated verbatim herein.

18. Dune is wrongfully exercising dominion or control over property owned by FBS, namely the royalties that Dune owes to FBS, and to which FBS has the right to immediate possession.

19. As a result, FBS has suffered injury and sustained damages of at least $15,111.23.

20. Under Texas law, malice may be implied from the knowing conversion of another's property when the defendant knew or should have known that it had no legal right to the property. Dune's conversion of FBS's royalty funds was done with malice because Dune knew or should have known that such funds did not belong to Dune and are not part of Dune's bankruptcy estate, but are rather held in trust for the royalty owner, FBS, as evidenced by Dune's own representations to this Court. *See* Doc. No. 11, at ¶¶ 30-32. Based on Dune's malice, FBS seeks exemplary damages.

514475.1

### Fourth Claim for Relief – Unjust Enrichment/Disgorgement

21. FBS incorporates paragraphs 1-11 as if stated verbatim herein.

22. Dune has been unjustly enriched to the extent of the funds it received from production from the Huff #1 Well that Dune has not paid to FBS in accordance with its royalty interest.

23. FBS is entitled to judgment that Dune be required to disgorge and pay those sums to FBS.

### Fifth Claim for Relief – Money Had and Received

24. FBS incorporates paragraphs 1-11 as if stated verbatim herein.

25. Dune holds money rightfully belonging to FBS in equity and good conscience.

26. FBS is the lawful owner of a 0.00133620 royalty interest in the proceeds of production from the Huff #1 Well. Dune holds the money representing that royalty interest in the amount of $15,111.23.

27. As a result, FBS has suffered injury and sustained damages of at least $15,111.23.

### Attorneys' Fees

28. Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001(8) and Texas Natural Resources Code § 91.406, FBS seeks recovery of its attorneys' fees.

### Conditions Precedent

29. All conditions precedent have been performed or have occurred.

### Prayer

For the foregoing reasons, FBS prays for judgment against Defendant for:

1. actual damages proved at trial within the jurisdictional limit of this Court;

2. exemplary damages;

6

514475.1

3. disgorgement of all funds received by Defendant to the extent of FBS's royalty interest in the Huff #1 Well, in addition to any other well(s)/Income/property that is rightly owed to FBS;

4. reasonable and necessary attorneys' fees and expenses;

5. pre- and post-judgment interest as allowed by law;

6. costs of suit; and

7. such other and further relief to which FBS may be entitled at law or in equity.

Respectfully submitted,

SMYSER KAPLAN & VESELKA, L.L.P.

*/s/ Craig Smyser*
Craig Smyser
Texas Bar No. 18777575
Federal Bar No. 0848
Jarod R. Stewart
Texas Bar No. 24066147
Federal Bar No. 1043011
700 Louisiana, Suite 2300
Houston, Texas 77002
713/221-2300 - telephone
713/221-2320 - fax

ATTORNEYS FOR FBS PROPERTIES, INC.

7

514475.1